# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PETERSON,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　／ | CASE NO. 1:05-CV-01370-AWI-LJO-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO EXHAUST THE AVAILABLE ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT<br><br>(Doc. 1) |

I.　Findings and Recommendations Following Screening of Complaint

Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 31, 2005.

Plaintiff is attempting to impose liability on Correctional Officer Peterson for confining him to quarters. Plaintiff alleges defendant's actions violated his rights under the Fifth Amendment, the Eighth Amendment, and the Fourteenth Amendment. In his complaint, plaintiff concedes that he filed suit prior to receipt of a Director's level decision on his inmate appeal. (Comp., § II(C); Exhibit 2.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement

applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing to Booth, 532 U.S. at 739 n.5). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Plaintiff's assertion that he was authorized to file suit without completing the inmate appeals process because he received a response from the State Board of Control is without merit. (Comp., § II(C); Exhibit 2.) Plaintiff is confusing the exhaustion requirement under California law (California's Tort Claims Act) with the exhaustion requirement under federal law (42 U.S.C. § 1997e(a)). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Compliance with the California's Tort Claims Act does not satisfy the exhaustion requirement set forth in 42 U.S.C. § 1997e(a). Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999) (holding that exhaustion of administrative remedies not required if a prisoner's section 1983 claim seeks only money damages and the grievance process does not allow for such an award overruled in part by Booth v. Churner, 532 U.S. 731 (2001)). In order to satisfy section 1997e(a), plaintiff was required to exhaust the California Department of Corrections' inmate appeals process prior to filing suit.[1]

///

---

[1] Plaintiff's exhibits demonstrate that his inmate appeal was denied at the second level of review, necessitating pursuit of the appeal to the Director's level.

2

1    Based on plaintiff's concession that he filed suit prior to receipt of a Director's level decision
2 on his inmate appeal, the court HEREBY RECOMMENDS that this action be dismissed, without
3 prejudice.  42 U.S.C. § 1997e(a); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A
4 prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

5    These Findings and Recommendations will be submitted to the United States District Judge
6 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
7 **days** after being served with these Findings and Recommendations, plaintiff may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
10 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
11 1153 (9th Cir. 1991).

13 IT IS SO ORDERED.

14 **Dated:     May 17, 2006**              /s/ Lawrence J. O'Neill
   b9ed48                                   UNITED STATES MAGISTRATE JUDGE

3