# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS W. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS CORRECTIONAL OFFICER PETERSON,<br><br>　　　　　Defendant.<br>_____/ | CASE NO. 1:05-CV-01370-AWI-LJO-P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Docs. 1 and 10)<br><br>ORDER DIRECTING CLERK'S OFFICE TO RETURN PROPOSED SUPPLEMENTAL COMPLAINT TO PLAINTIFF<br><br>(Doc. 12) |

Plaintiff Francis W. Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

On May 17, 2006, the Magistrate Judge filed a Findings and Recommendations herein which was served on plaintiff and which contained notice to plaintiff that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections to the Findings and Recommendations on May 26, 2006.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 73-305, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

///

1  Plaintiff objects to dismissal of this action on the ground that he received a Director's Level
2  response to his appeal on November 14, 2005, and it will waste the Court's resources if he is
3  required to file another action. Be that as it may, plaintiff is precluded from proceeding with this suit
4  because he filed it before exhaustion occurred. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th
5  Cir. 2002). The Court does not have discretion to overlook a decision to file suit prior to exhaustion
6  in the interest of resource conservation. This action must be dismissed in light of plaintiff's decision
7  to file suit prior to the receipt of a Director's Level decision.[1] Id.

8  On July 5, 2006, plaintiff submitted a proposed supplemental complaint adding a new claim
9  against a new party. In light of the dismissal of this action for failure to exhaust prior to filing suit,
10 plaintiff may not supplement his complaint and the Clerk's Office shall return the proposed
11 supplemental complaint to plaintiff.[2]

12 Accordingly, IT IS HEREBY ORDERED that:

13 1. The Findings and Recommendations, filed May 17, 2006, is adopted in full;

14 2. The Clerk's Office shall return plaintiff's proposed supplemental complaint to him;
15    and

16 3. This action is dismissed, without prejudice, based on plaintiff's failure to exhaust
17    prior to filing suit.

19 IT IS SO ORDERED.

20 **Dated:   July 22, 2006**                         **/s/ Anthony W. Ishii**
   0m8i78                                            UNITED STATES DISTRICT JUDGE

---

[1] Director's Level decisions are due sixty working days after receipt of the appeal by the appeals coordinator. Cal. Code Regs., tit. 15 § 3084.6(b)(4). Although it is not clear when the appeal was received by the coordinator, plaintiff submitted it on August 21, 2005, and sixty working days from August 21 had not yet passed when plaintiff filed suit on October 31, 2005. Thus, regardless of whether or not the response was ultimately late, as plaintiff contends, the response was not overdue when plaintiff filed suit and does not excuse plaintiff's decision to file suit when he did.

[2] Plaintiff did not file a motion seeking leave to supplement, Fed. R. Civ. P. 15(d), and his proposed supplemental complaint was lodged rather than filed.